IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BRENT JACOBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:15cv367-MHT |
| ) | (WO) |
| COMMISSIONER THOMAS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

On January 11, 2019, the Eleventh Circuit remanded this action to the district court with the following instructions:

> "This appeal is REMANDED, *sua sponte*, to the district court for the limited purpose of determining: (1) whether Appellant Brent Jacoby filed a prior, timely notice of appeal, and (2) if not, whether he merits reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6). Mr. Jacoby's notice of appeal, dated October 20, 2018, is untimely to appeal from the district court's August 29, 2018 order granting summary judgment to the defendants on his 42 U.S.C. § 1983 complaint. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (c)(1); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th

Cir. 2010); *see also Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

> "However, in his notice of appeal, Mr. Jacoby indicates that his mail was not reaching the district court and that his mail had been two or three weeks late in getting to him. He also states that he filed a prior notice of appeal in the case, though no such notice had been docketed. Thus, there are factual questions as to whether Mr. Jacoby filed a prior, timely notice of appeal, and if he did not, whether reopening of the appeal period under Fed. R. App. P. 4(a)(6) is merited. Fed. R. App. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186 n.2, 187 (11th Cir. 1997).
>
> "Upon making its determinations, the district court shall return the case, as supplemented, to this Court for further proceedings."

11th Circuit Remand Order (doc. no. 72).

The court first turns to whether plaintiff Jacoby filed a prior, timely notice of appeal. Upon careful review of the record, it appears that on August 1, 2018, he filed a document entitled "Motion for a Continuance To File Objections and or a Notice of Appeal of the Magistrate Judge Recommendations to dismiss my Claim in

Whole" (doc. no. 63).[1] The clerk of court docketed this filing as a "motion for continuance to file objections" but did not treat it as a containing a notice of appeal, and this court did not recognize it as an appeal notice at the time. However, even if the court back then had treated that document as containing a notice of appeal (or even were to do so now), the notice would not benefit Jacoby now. The notice was filed after entry of the magistrate judge's recommendation but about a month before entry of the final judgment adopting the recommendation. Because the magistrate judge's recommendation was not final and appealable, the notice of appeal "was not valid to perfect the appeal as of the date of the district court's judgment." *Perez-Priego*

---

    1. Under the "mailbox rule," the court deems the notice of appeal filed on the date Jacoby delivered it to the prison authorities for mailing. *See United States v. Hughes*, 432 F. Supp. 2d 1250, 1251 n.1 (M.D. Ala. 2006) (Thompson, J.). Because Jacoby affirmed in a certificate of service that he mailed the document on that date, the court treats the document as having been filed on that date.

*v. Alachua Cty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998). Therefore, the court concludes that, while Jacoby did file an earlier notice of appeal, it was not a timely appeal as to the judgment he now seeks to overturn.

Turning to the second issue, Federal Rule of Appellate Procedure 4(a)(6) allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if the court makes certain findings. The court must find: (A) that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[2] of the entry of the judgment within 21 days after entry; (B) that the motion is filed within 180 days after the entry of judgment or 14 days after the moving party receives

---

2. Rule 77(d) requires the clerk, immediately after entering an order or judgment, to "serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket."

notice under Rule 77(d) of the entry, whichever is earlier; and (C) that no party would be prejudiced by reopening the time to file an appeal. *See* Fed. R. App. P. 4(a)(6). Even if all three conditions are met, "the district court may, in its discretion, deny a motion to reopen." *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 995 (11th Cir. 2018).

On October 20, 2018, Jacoby filed his "second notice of appeal" (doc. no. 67) from the court's August 29, 2018, judgment (doc. no. 66).[3] In the notice, he represents that his mail has been handled improperly and repeatedly delivered two to three weeks late, preventing him from receiving timely notice of the judgment. *See*

---

3. Under the "mailbox rule," the court deems the notice of appeal filed on the date Jacoby delivered it to the prison authorities for mailing. *See United States v. Hughes*, 432 F. Supp. 2d 1250, 1251 n.1 (M.D. Ala. 2006) (Thompson, J.). The notice was sent with a cover letter dated October 19, 2018, but he signed the notice of appeal on October 20, 2018. The court concludes that October 20, 2018 was the day he delivered the letter for mailing.

Notice of Appeal (doc. no. 67).[4] However, he does not state the date upon which he received the court's August 29 judgment. The docket sheet shows that the judgment was mailed to Jacoby at Bibb Correctional Facility on the day it was entered.

Without knowing when Jacoby received the judgment, the court cannot determine whether it may, under Rule 4(a)(6), reopen the time for an appeal. In particular, although it is clear that Jacoby's second notice of appeal came within 180 days of the entry of judgment, it is not clear (1) whether Jacoby received notice of the judgment within 21 days of entry, or (2) whether he filed his second notice of appeal within 14 days of receiving notice of the judgment. That information is necessary to determine whether Jacoby has satisfied the time periods in Rule 4(a)(6)(A) and (B).

---

4. He previously represented that his mail was "always" delivered seven to 15 days late. *See* Motion for Continuance and Notice of Appeal (doc. no. 63).

***

Considering the foregoing, it is ORDERED that plaintiff Brent Jacoby is allowed until March 27, 2019, to submit to this court any evidence of the "exact date" he received notice of the court's August 29, 2018, judgment (doc. no. 66).  <u>If plaintiff Jacoby files a statement as evidence, the statement should be sworn, that is, under oath, or should be presented in the form of a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.</u>  If the court does not hear from plaintiff Jacoby within the time allowed, the court will assume that his appeal was untimely.

DONE, this the 27th day of February, 2019.

/s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**