IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BRENT JACOBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:15cv367-MHT |
| ) | (WO) |
| COMMISSIONER THOMAS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This case is now before the court on remand from the Eleventh Circuit Court of Appeals for two determinations as set forth below.

I.

This court entered a judgment granting defendants' motion for summary judgment on August 29, 2018. *See Jacoby v. Thomas*, No. 2:15cv367-MHT, 2018 WL 4119998 (M.D. Ala. Aug. 29, 2018) (Thompson, J.). Pursuant to Federal Rule of Appellate Procedure 4(a), Jacoby was

1

required to file a notice of appeal within 30 days of entry of the judgment. His 30 days ran on September 28, 2018.

Jacoby filed a notice of appeal on October 20, 2018.[1] In the notice of appeal, he complained that his mail had been "two and three weeks" late getting to him "constantly for over two months." Notice of Appeal (doc. no. 67) at 1.

In *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997), the Eleventh Circuit held that, "when a pro se appellant alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of

---

1. Under the "mailbox rule," the court deems the notice of appeal filed on the date Jacoby delivered it to the prison authorities for mailing. See United States v. Hughes, 432 F. Supp. 2d 1250, 1251 n.1 (M.D. Ala. 2006) (Thompson, J.). The notice was sent with a cover letter dated October 19, 2018, but he signed the notice of appeal on October 20. The court concludes that October 20 was the day he delivered the letter for mailing.

whether the appellant merits an extension under that rule." In accordance with *Sanders*, on January 11, 2019, the Eleventh Circuit remanded this action to this court "for the limited purpose of determining: (1) whether Appellant Brent Jacoby filed a prior, timely notice of appeal, and (2) if not, whether he merits reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6)." 11th Circuit Remand Order (doc. no. 72).

II.

As to the first question, this court previously determined that Jacoby did not file a prior, timely notice of appeal as to the judgment he now seeks to overturn. *See Jacoby v. Thomas*, No. 2:15cv367-MHT, 2019 WL 952570 (M.D. Ala. Feb. 27, 2019) (Thompson, J.).

## III.

The court now must determine the second question: whether reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6) is merited.

Rule 4(a)(6) allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if the court makes certain findings. The court must find that: (A) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[2] of the entry of the judgment within 21 days after entry; (B) the motion to reopen the time for filing is filed within 180 days after the entry of judgment or 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (C) no party would be prejudiced by reopening the time to file

---

2. Rule 77(d) requires the clerk, immediately after entering an order or judgment, to "serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket."

an appeal.  *See* Fed. R. App. P. 4(a)(6).  Even if all three conditions are met, "the district court may, in its discretion, deny a motion to reopen." *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 995 (11th Cir. 2018).  "The burden of proving non-receipt (or in this case, delayed receipt) of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6)." *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002).

The application of the rule turns on when Jacoby received the judgment.  While Jacoby has been unable to present documentation of the exact date on which he received the judgment, the court concludes based on the evidence in the record that he received the judgment on October 10, 2018, at the earliest.

Jacoby has submitted to the court a log of his incoming mail, provided by prison authorities, that appears to show that the clerk of this court mailed him three envelopes that were postmarked August 29, 2018,

and that these letters were received in the prison's mailroom on September 7, 2018. *See* Attachment to Motion for a Continuance to Obtain More Records (doc. no. 82-1) at 4. The judgment in this case was entered on that day, so it appears that one of these letters was the judgment.

Jacoby also submitted a declaration under penalty of perjury attesting that the delivery of his legal mail had been repeatedly delayed for about two to three weeks *after* receipt by the prison mailroom. *See* Declaration of Brent Jacoby (doc. no. 83-1) at 1-2. He also attests that the prison is "out of control, very understaffed, and stays on lock down." *Id.* at 2. Jacoby also submitted the declaration of Dennis Bishop III, a fellow prisoner in his unit, who attests that he has experienced a delay of over 21 days to receive legal mail from his attorney. *See* Declaration of Dennis Bishop III (doc. no. 83-1). While the declaration is not a model of clarity, Bishop explains

how the process for distribution of prison mail at Bibb Correctional Facility leads to serious delays in receipt of mail. First, after legal mail has been received by the mail room, a prisoner's name must be placed on a newsletter, and this takes at least a week in his experience. Even after placement of the prisoner's name in the newsletter, there may be a delay before staff call prisoners out of the housing unit to pick up their mail. Mail distribution occurs at the administration office at random times of the day or night, and prisoners frequently have difficulty making it there from the housing unit before it ends because two separate gates must be opened for them by staff in order to reach the administration area, and prison staff often delay opening the gates.

Jacoby has repeatedly asked the court to order the warden of Bibb Correctional Facility to turn over copies of a handwritten log book that Jacoby and the officer distributing mail must sign and date when he

receives his mail. This log is, according to Jacoby, the only document that would show the exact date on which he actually received the judgment. Jacoby attests in a sworn declaration that he spoke with the warden about getting copies of this log book and that she told him she would only do so with a court order. The court denied as unnecessary Jacoby's initial request for court-ordered discovery, *see* Order (doc. no. 81), and has not ruled on his subsequent requests. *See, e.g.*, Motion for a Continuance to Obtain More Records (doc. no. 82) at 1 (requesting that the court order the prison warden to give him copies of the mail log-in sheet).

In any case, the court need not grant Jacoby's request because the court finds that he has made a sufficient showing of the date he received the judgment even absent the signature log he seeks. In his declaration, he attests that he remembers receiving three decisions in separate cases from this court in a

very short time in October 2018, and that he filed his notices of appeal within seven to 10 days of receiving each of the judgments. *See* Jacoby Declaration (doc. no. 83-1) at 1-2. The court has checked the dockets of the other two cases mentioned by Jacoby, and they do reflect that he filed notices of appeals in each of these cases in October 2018. The court finds Jacoby's declaration credible. For while he could have simply made up a specific date that he received the judgment in an attempt to show that he met the requirements of Rule 4(a)(6), it is clear that instead he simply gave the court his best recollection of what he remembers happened many months ago, and has attempted to supplement his recollection by repeatedly requesting that the court order production of the document that would definitively show the date of receipt. In addition, the court finds the Bishop declaration explaining the vagaries of the mail distribution process for inmates at Bibb Correctional Facility has

9

the ring of truth in light of the court's knowledge of the severe understaffing problems at that facility. The Bishop declaration and Jacoby's own explanation of the crisis state of the institution go far towards explaining how Jacoby could have had to wait a month for the prison to provide him with the judgment in this case.[3]  In sum, the court accepts Jacoby's sworn testimony that he filed his notice of appeal within seven to 10 days of receiving it.

Because the notice of appeal was filed on October 20, 2018, the court calculates that Jacoby must have received the judgment on October 10, at the earliest. Thus, the court finds that Jacoby did not receive the judgment within 21 days of its August 29 entry; thus he meets the requirement set forth in Rule 4(a)(6)(A).

---

3. While Jacoby estimated that the mail was delayed for only two to three weeks--not a month--after receipt by the institution, the court does not hold him to the earlier estimate. Until he received certain mail logs earlier this year showing the date letters were logged, Jacoby presumably did not know exactly when his legal mail was received by the mail room.

The court finds that Jacoby also meets the second requirement of Rule 4(a)(6). Pursuant to *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997), the court will construe Jacoby's notice of appeal as a motion to reopen the time for filing, and, because this motion was filed both within 180 days after the entry of judgment and within 14 days of when Jacoby received notice of the entry of judgment, the court finds that he meets the second requirement of Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6)(B). Finally, the court finds no prejudice to the defendants in reopening the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(6)(C). Thus, the court will grant Jacoby's motion to reopen the time for filing a notice of appeal.

Rule 4(a)(6) authorizes a court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered. Here, however, Jacoby has already filed his notice of appeal

on October 20, 2018, so he is not required to file a new notice of appeal.

***

Accordingly, pursuant to the directive of the Eleventh Circuit Court of Appeals remanding this case to this court to make two determinations, it is ORDERED that:

(1) It is declared, as set forth in the court's order of February 27, 2019 (doc. no. 74), that plaintiff Brent Jacoby did not file a prior, timely notice of appeal.

(2) It is also declared that plaintiff Jacoby merits reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6).

(3) Plaintiff Jacoby's notice of appeal (doc. no. 67) is treated as a motion to reopen the time for filing a notice of appeal and said motion is granted.

It is further ORDERED that plaintiff Jacoby's "Motion to Reconsider Dismissing 42 USC 1983 for not

Filing Documents in a Timely Manner" (doc. no. 73) is denied as moot.

The clerk of court is DIRECTED to return this case, as supplemented, to the Eleventh Circuit Court of Appeals for further proceedings.

DONE, this the 17th day of July, 2019.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**